IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT S. HILLARD,            )
                              )
         Petitioner,          )
                              )
vs.                           )    Case No. CIV-14-838-F
                              )
JIM BAUMAN, Logan County      )
Sheriff,                      )
                              )
         Respondent.          )

REPORT AND RECOMMENDATION

I.   Background.

On July 31, 2014, Robert Hillard (Petitioner) applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to contest his detention in the Logan County Jail following his arrest on what he asserted was a "bogus warrant" issued by a Nebraska court. Doc. 1, at 1-2, 9.[1] He named Logan County Sheriff Jim Bauman as Respondent. *Id.* at 1. He purported to challenge both the underlying Nebraska court matter as well as Case No. CF-2014-235 in the District Court of Logan County. *Id.* at 1-2. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] Page citations are in sequential order and reflect this Court's CM/ECF (Electronic Case Files) pagination.

On August 13, 2014, the undersigned advised Petitioner that the court took judicial notice of the public records of the District Court of Logan County, which reflected that when Petitioner filed this action on July 31, 2014, he was being held on charges of assault and battery on a detention officer. *See* Okla. State Courts Network, *State of Okla. v. Hillard*, Case No. CF-2014-235, District Court of Logan County, Oklahoma, http://www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (as accessed on Aug. 13, 2014). Doc. 6. The undersigned further advised Petitioner that it appeared (1) he had now pled guilty on August 8, 2014 to an amended charge of obstructing an officer, (2) the state court sentenced him to serve thirty days in the Logan County Jail with credit for time served, and (3) the state court released him on time served that same day. *Id.*

Because it seemed that Petitioner was no longer in custody, the undersigned ordered him to show cause on or before September 3, 2014, why this action should not be dismissed. *Id.* Petitioner promptly responded on August 19, 2014. Doc. 7. He did not contest the fact that he was no longer in custody on the Logan County conviction and sentence but complained only of his continued custody on the Nebraska warrant. *Id.*

The undersigned then took judicial notice of the records of the Nebraska

Department of Correctional Services (DCS) which indicated that Petitioner, DCS ID: 66977, had been returned to Nebraska and was housed at the DCS Diagnostic and Evaluation Center. *See* http://dcs-inmatesearch.ne.gov/Corrections/InmateDisplayServlet?DcsId=66977 (as accessed on Aug. 25, 2014). Accordingly, on August 26, 2014, the undersigned again ordered Petitioner to show cause, on or before September 15, 2014, why his petition should not be dismissed on the grounds that this Court lacked jurisdiction over his Nebraska custodian. Doc. 8. The undersigned directed the Clerk of Court to mail a copy of the order to Petitioner at the Guthrie, Oklahoma address – the most recent provided by Petitioner – and to Robert Hillard, No. 66977, P.O. Box 22800, Lincoln, NE 68542. *Id.* at 3, n.1.

This order crossed in the mail with Petitioner's filing "advis[ing] that on August 22, 2014 Jefferson County Sheriff Deputies came to Logan Co. Jail and extradited me to DEC in Lincoln, Nebraska." Doc. 9. Petitioner further advised that

> [b]ecause I am here now "I'm not quite sure if this court has jurisdiction of my complaint anymore. I am not an attorney so, I pray this court will be somewhat understanding of me when I don't know about diversity between the two states as mentioned in this case. I will await for the court to instruct me as to what I need to do, or whether I need to refile in Nebraska state or federal court to adjust my good time credits and due process of law.

*Id.*

Petitioner also advised the court of his current address – the same inmate number and mailing address used by this Court – and the undersigned is therefore confident that Petitioner received the August 26, 2014 order to show cause. *Id.* Nonetheless, the September 15, 2014 deadline to show cause has now passed, and Petitioner has not responded.

## II. The petition should be dismissed because Respondent can no longer effect relief.

Respondent Bauman "no longer has custody of [Petitioner] and is therefore powerless to provide any relief th[is C]ourt might order." *Griffin v. Kastner*, 507 F. App'x 801, 802 (10th Cir. 2013). Petitioner is now being held in Nebraska, "outside the 'district of confinement' and therefore outside the scope of th[is C]ourt's habeas jurisdiction." 4*Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). "With no effectual relief possible, [the] petition is moot." *Id.* (internal quotation marks omitted).

## III. Recommendation and notice of right to object.

For these reasons, the undersigned recommends that the habeas corpus petition be dismissed without prejudice as moot.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 9, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

4

The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 18th day of September, 2014.

/s/ Suzanne Mitchell
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE